UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEARNQUEST, INC.,

        Plaintiff,

   -v-

KYNDRYL, INC.,

        Defendant.

25-cv-6880 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

On August 20, 2025, LearnQuest, Inc. sued Kyndryl, Inc. for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) promissory estoppel, and (4) unjust enrichment.[1] See generally ECF No. 2. Kyndryl then moved to dismiss, see ECF No. 9, and the Court held oral argument on November 13, 2025. For the reasons below, the Court grants the motion.

I. Background

Kyndryl is a provider of IT infrastructure services. LearnQuest provides "global IT and business skills training for businesses and government agencies." Compl. ¶¶ 9-10. LearnQuest alleges that around November 2021 Kyndryl committed to sign an agreement with LearnQuest as Kyndryl's "exclusive" global managed learning services provider. Compl. ¶ 17.

---

[1] LearnQuest concedes that its promissory estoppel and unjust enrichment claims should be dismissed. ECF No. 12 at 23.

1

However, on March 11, 2022 LearnQuest and Kyndryl entered into a Supplier Relationship Agreement (the "SRA"), which provided that Kyndryl "may order deliverables . . . and services available from LearnQuest." ECF No. 11, Ex. A at 1. The SRA expressly superseded any prior course of dealing, discussions, or representations between the parties, id. § 15(xi), and further stated that the agreement between the parties was "nonexclusive" and that either party "may design, develop, manufacture, acquire, or market competitive products or services," id. § 15(v). The SRA also indicated that details regarding deliverables and services would appear in subsequently drafted statements of work ("SOWs"). Compl. ¶¶ 16-18; ECF No. 11, Ex. A at 1. The SRA provided that the SRA and the applicable SOWs would represent the "complete agreement" between the parties. ECF No. 11, Ex. A at 1.

Around March 31, 2022, LearnQuest and Kyndryl entered into a SOW. Compl. ¶ 19; see ECF No. 11, Ex. B. Under the SOW, LearnQuest and Kyndryl agreed as to the services that LearnQuest would provide, including training and training-related services. Compl. ¶ 29. In the text of the SOW, LearnQuest is identified as "Kyndryl's Global designated Managed Learning Services Provider." Id. ¶ 20. The SOW further adopted, incorporated, and subjected itself to the SRA, ECF No. 11, Ex. B at 1, but noted that, in the event of any conflict, the SOW would control over the SRA, Compl. ¶ 31.

The instant dispute arose around July 14, 2023, when Kyndryl held an open request for proposal ("RFP") for managed learning services. Compl. ¶ 35-36. During the RFP process, Kyndryl allegedly told LearnQuest that the RFP was an opportunity for LearnQuest to expand its services beyond the services already provided under the SOW. Id. Ultimately, however, Kyndryl awarded the contract to another company. Id. ¶ 36. In response, LearnQuest brought this suit alleging that Kyndryl had violated what they claim is an exclusivity provision in their dealings manifested in the SOW.

II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[2] In adjudicating a motion to dismiss, the Court construes claims "liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016). But if "a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as

---

[2] Unless otherwise indicated, all case quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

3

true." Cont'l Bldg. Prods. Operating Co., LLC v. Lafarge N. Am., Inc., 2018 WL 1583309, at *4 (S.D.N.Y. Mar. 27, 2018) (citation omitted).

III. Discussion

The motion to dismiss turns on whether the SRA's non-exclusivity clause is at odds with the later SOW's provision naming LearnQuest as Kyndryl's "global designated Manager Learning Services Provider." LearnQuest stakes its claims on the view that the SOW's "designated" text conferred exclusivity and that Kyndryl breached both the contract and the implied covenant between the parties by selecting another vendor through the RFP process. Kyndryl counters that the SRA's express non-exclusivity clause governs, that the SOW introduced no exclusive rights, and that its choice of a different provider therefore violated no contractual obligation.

Absent conflict, a plain reading of the parties' contracts control. Dismissal is appropriate when "the unambiguous terms of the contract do not support a plaintiff's claim." Spinelli v. Nat'l Football League, 96 F. Supp. 3d 81, 131 (S.D.N.Y. 2015). That is precisely the case here. The SRA specifically notes that any dealings between the parties will be "non-exclusive." ECF No. 11, Ex. A, ¶ 15(v). So long as the SRA is not contradicted by any other provision of the contract, then, LearnQuest's claims must be dismissed.

4

LearnQuest insists that the SOW's language creates conflict because the SOW states that "LearnQuest is Kyndryl's Global designated Managed Learning Services Provider." ECF No. 11, Ex. B at 1. LearnQuest argues that this language contradicts the non-exclusivity provision in the SRA based on "common[] underst[anding]" of the phrase, and further, that the parties agreed that in the event of conflict, the SOW would control over the SRA. Compl. ¶ 20. However, in the Court's view, no such conflict exists. To say that an entity that is "designated" for some service in no way implies that it is the sole, exclusive provider of that service. See, e.g., Designate, Black's Law Dictionary (12th ed. 2024) (defining "designate" as "to choose (someone or something) for a particular job or purpose," without referring to exclusivity). Further, even if the SOW's language could conceivably be argued to support a conflict, nevertheless, under New York law, which the parties agree governs, courts are bound to reconcile the language in contracts whenever possible. See, e.g., Fuoco Grp., LLP v. Weisman & Co., 222 A.D.3d 619, 621 (N.Y. App. Div. 2023) ("Where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect.") It is no argument to say, as LearnQuest contends, that the SOW anticipates potential conflict with the SRA and elevates its own terms in that event, because, under New York law, "unless the conflict between two provisions

5

(of a contract) is irreconcilable[,] the principle prevails that contracts should be so construed as to give effect to every word and expression contained therein." Levine v. 860 West Tower, Inc., 1999 WL 185270, at *3 (S.D.N.Y. 1999) (quoting Riggs v. Riggs, 205 A.D.2d 864, 865 (3d Dep't 1994)) (emphasis added). And here, the provisions of the contract are easily reconciled: LearnQuest might be the designated provider of a service for Kyndryl, but that does not preclude Kyndryl from hiring alternative companies to partially or fully take over LearnQuest's responsibilities.

Because the Court dismisses the breach of contract claim, LearnQuest's implied covenant claim necessarily falls as well. Under New York law, "a separate cause of action for breach of the implied covenant of good faith and fair dealing" cannot stand when it is "based upon the same facts" as a contract claim. Doyle v. Mastercard Int'l Inc., 700 F. App'x 22, 24 (2d Cir. 2017). The factual bases for the two claims are effectively the same. Cf. Compl. ¶¶ 39-43 with id. ¶¶ 44-52. The only additional allegation for the breach of covenant claim is a pre-SRA conversation in which Kyndryl allegedly described the parties' relationship as exclusive. Id. ¶ 50. But an implied duty cannot "include any term inconsistent with the terms of the contractual relationship" or be used "to create independent contractual rights." Titus v. UMG Recordings, Inc., 2023 WL 8039622, at *12 (S.D.N.Y. Nov. 20, 2023). And, in any event, the parties agreed in the SRA that the SRA would

6

"supersede any prior course of dealing, discussions, or representations between the parties." ECF No. 11, Ex. A § 15(xi). Stripped of allegations that contradict or are displaced by the SRA, the implied covenant claim mirrors the contract claim and accordingly must be dismissed for the same reasons.

IV. Conclusion

For the reasons set forth above, the Court grants the motion to dismiss in its entirety. LearnQuest's breach of contract and covenant claims are dismissed with prejudice, and as requested, its promissory estoppel and unjust enrichment are dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment, close ECF No. 9, and close this case.

SO ORDERED.

New York, NY
November 19, 2025

JED S. RAKOFF, U.S.D.J.